**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., *Plaintiff*, | § § § § | |
| v. | § § | Civil Action No.  SA-13-CV-343-XR |
| DAISY DUKES BAR N' GRILL, LLC. and CHRISTIAN COLBERT, and JOHN GOLDEN, *Defendants*. | § § § § § § | |

**ORDER**

On this date, the Court considered the status of this case. Plaintiff filed an original complaint in this Court on April 29, 2013. Doc. No. 1. On September 5, 2013, this Court ordered Plaintiff to show cause why Defendants had not been served in compliance with Rule 4(m) of the Federal Rules of Civil Procedure. Doc. No. 5. Plaintiff thereafter served Defendant Golden and responded to the Court's order by representing its intention to file a motion for substituted service with respect to the remaining Defendants. Doc. No. 7. As of January 29, 2014, no such motion has been filed. Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Here, the 120-day period to serve has long since expired. In addition, Plaintiff has not moved for substituted service in the four month period since it responded to this Court's show

cause order.  As a result, the Court **DISMISSES WITHOUT PREJUDICE** the claims against Defendants Daisy Dukes Bar N' Grill and Christian Colbert.

With respect to Defendant Golden, the docket report indicates that he did not answer or otherwise respond after being served.  Accordingly, it appears that Defendant Golden is in default. Pursuant to Local Rule CV-55:

> If a defendant is in default, the court may require the plaintiff to move for entry of a default and a default judgment. If the plaintiff fails to do so within the prescribed time, the court may dismiss the action, without prejudice, as to the defendant.

Accordingly, the Court **ORDERS** that Plaintiff move for entry of default and default judgment no later than **February 14, 2014.**

In addition, "when entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *System Pipe & Supply, Inc. v. M/V Viktor Turnakovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).  This Court has subject matter jurisdiction because Plaintiff's Complaint alleges violations of the Communications Act of 1934. In addition, this Court has personal jurisdiction over Defendant Golden by virtue of his Texas domicile.  **Failure to file a motion for entry of default and for default judgment by February 14, 2014, will result in dismissal of this lawsuit.**

SIGNED this 29th day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE